[Civ. No. 36672. First Dist., Div. One. May 6, 1975.]

VINCENT ALLEGREZZA, Petitioner, v.
THE SUPERIOR COURT OF ALÁMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

James C. Hooley, Public Defender, Michael G. Millman and William P. Kesseler, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and William M. Baldwin, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**ELKINGTON, J.**—Petitioner Vincent Allegrezza, 16 years of age, was arrested and accused of murdering four members of an Alameda County family. The homicides and Allegrezza's arrest were given widespread county publicity by the press and other news media. The juvenile court found him not to be a fit subject for its jurisdiction. He was thereafter indicted by the grand jury on four counts of murder. He entered pleas of not guilty in the superior court. On Allegrezza's motion, Judge Wilson of that court directed "The parties to this action, their attorneys, their investigators, witnesses or court official[s]" not to "release to any news media" any information concerning the existence of evidence, or the probable testimony of any witness.

Thereafter, pursuant to Evidence Code section 402, subdivision (b),* a hearing was held before Judge Cooper of the superior court on the issue of the voluntariness of a confession alleged to have been made by Allegrezza. That hearing had also received widespread media publicity and many members of the public and press corps were present. Allegrezza moved that the hearing be held *in camera.* The motion was "vigorously" opposed by the People, and it was thereafter denied by the court. The hearing was then continued to afford Allegrezza a reasonable opportunity to apply to this court for "a writ."

---

*Evidence Code section 402, subdivision (b): "The court may hear and determine the question of the admissibility of evidence out of the presence or hearing of the jury; but in a criminal action, the court shall hear and determine the question of the admissibility of a confession or admission of the defendant out of the presence and hearing of the jury if any party so requests."

On Allegrezza's petition we issued an alternative writ of mandate that the superior court order that the hearing be held out of the presence of the press and public, or that the court show cause why it should not do so. We consider now the cause shown.

We are concerned with a purported confession (hereafter, for convenience only, "confession") of one accused and awaiting trial for murder. A question is raised whether the confession was involuntary, or coerced, and therefore inadmissible as evidence at the trial. The superior court hearing might disclose that it was obtained under circumstances establishing its untrustworthiness, something not unknown in the administration of criminal law. Or it might appear to have been secured in disregard of Allegrezza's constitutional rights. In either event it will not be placed in evidence before the jury. By the same token any concern for fairness demands that such a confession, disallowed as evidence, should not reach the eyes or ears of persons who may become jurors of the case. Any reasonable doubt whether it will should be resolved in favor of the accused.

The superior court was not obliged to strike a proper balance between the First Amendment right of freedom of the press, and the Fifth Amendment's guaranty of a fair trial. In the context of this case the rights of the press are no greater than the rights of the public generally. ▮ And the public generally has no right to pretrial disclosure of questionable evidence, a disclosure which might well deny to the accused the fair and impartial trial which is his due. (See *Craemer* v. *Superior Court*, 265 Cal.App.2d 216 [71 Cal.Rptr. 193]; and see authority there collected.)

The responsibility of the trial court in proceedings such as those before us has been well defined by the Supreme Courts of the United States and of the State of California.

▮ "Due process requires that the accused receive a trial by an impartial jury free from outside influences. Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the *trial courts must take strong measures to ensure that the balance is never weighed against the accused.*" (*Sheppard* v. *Maxwell*, 384 U.S. 333, 362 [16 L.Ed.2d 600, 620, 86 S.Ct. 1507]; *People* v. *Sirhan*, 7 Cal.3d 710, 730 [102 Cal.Rptr. 385, 497 P.2d 1121]; italics added.)

"[T]he atmosphere essential to the preservation of a fair trial—the most fundamental of all freedoms—*must be maintained at all costs.*" (*Estes* v. *Texas,* 381 U.S. 532, 540 [14 L.Ed.2d 543, 549, 85 S.Ct. 1628]; italics added.)

It is the same right of a fair trial, to one accused of crime, that guarantees all other freedoms, including freedom of speech and of the press. For without the right to a fair trial those freedoms would lack any means of vindication in the face of governmental oppression.

■ It is of course true that a policy of our law demands that the public not unnecessarily be denied information relating to the functioning of government, including operation of the courts. But that policy must yield when it impinges upon the right of a criminally accused to a fair trial. As we said in *Craemer* v. *Superior Court, supra,* 265 Cal.App.2d 216, 225: "[I]t is clear that a judge has the duty to protect a defendant from inherently prejudicial publicity." We observe that in a context such as this the public is not *denied* information on the functioning of the court; the proceedings are recorded, and access to the information is merely delayed until the threat to the accused's fair trial has passed. And, of course, if the trial court's ruling allows the confession in evidence, it will become public information at the trial.

■ The Attorney General urges that Allegrezza's proper remedy is not the *in camera* hearing he seeks, but rather a change of venue to another county untouched by the feared prejudicial publicity. The Sixth Amendment guarantees to an accused the right to be tried by an "impartial jury," drawn from the "district wherein the crime shall have been committed." Obviously the courts should not participate in, or encourage, a procedure which obliges the accused to forfeit one constitutional right in order to retain the protection of another.

■ Here Allegrezza is charged with several sordid murders. Few things would more likely deny to him a fair trial of those charges, than a pretrial public media announcement and elaboration of a confession which for good reason is later denied acceptance in evidence. Weighing the constitutional value here at stake, *"the most fundamental of all freedoms"* (see *Estes* v. *Texas, supra;* italics added), against the lesser and contrasting affront to the public right of informational access, we conclude that the superior court abused its discretion in its denial of an

*in camera* hearing on the issue of the voluntariness of Allegrezza's purported confession.

Let the peremptory writ of mandate issue.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied June 4, 1975, and the petition of the real party in interest for a hearing by the Supreme Court was denied July 3, 1975. Mosk, J., was of the opinion that the petition should be granted.